1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 01, 2023

SEAN F. McAVOY, CLERK

4

UNITED STATES DISTRICT COURT

5

EASTERN DISTRICT OF WASHINGTON

6

7

8  MATTHEW N.,                                No. 1:23-CV-03021-SAB

9          Plaintiff,

10         v.                                  **ORDER REVERSING DECISION OF**

11 COMMISSIONER OF SOCIAL                      **COMMISSIONER**

12 SECURITY ADMINISTRATION,

13         Defendant.

14

15        Plaintiff brings this action seeking juridical review of the Commissioner of

16 Social Security's final decision denying his application for social security benefits.

17 Plaintiff is represented by D. James Tree. The Commissioner is represented by

18 Edmund (Jack) Darcher, Ryan Lu, and Brian M. Donovan. Pending before the

19 Court is Plaintiff's Opening Brief, ECF No. 8, the Commissioner's Brief, ECF No.

20 14, and Plaintiff's Reply Brief, ECF No. 15.

21        After reviewing the administrative record and briefs filed by the parties, the

22 Court is now fully informed. For the reasons set forth below, the Court reverses the

23 Commissioner's decision.

24 **I.    Jurisdiction**

25        On August 2, 2017, Plaintiff filed an application for supplemental security

26 income, alleging disability beginning September 18, 2009. He subsequently

27 amended the alleged onset of disability to August 2, 2017. Plaintiff's application

28 was denied initially and on reconsideration. Plaintiff requested a hearing and on

**ORDER REVERSING DECISION OF COMMISSIONER ~ 1**

June 16, 2021, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of his counsel, Robert Tree. At the hearing, there were questions about financial support that Plaintiff was receiving. He was unable to answer the questions, including who purchased his car for him. He stated his investors paid for the car. He testified that his parents financially supported him, but there was some indication that there may be a trust fund, which provided Plaintiff with gas money. He testified that his parents take care of paying his bills. At the time of the first hearing, Plaintiff was only volunteering part-time at the YMCA but there was a possibility of a paid part-time position. The ALJ terminated the hearing to allow counsel to explore Plaintiff's source of funds.

A second hearing was held telephonically on December 20, 2021. Plaintiff was represented by Justin Jerez. Frank Lucas, vocational expert, also participated. The ALJ found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on December 14, 2022. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on February 13, 2023. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 2

not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 3

claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper

**ORDER REVERSING DECISION OF COMMISSIONER ~ 4**

1  legal standards were not applied in weighing the evidence and making the decision.

2  *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

3  An ALJ is allowed "inconsequential" errors as long as they are immaterial to the

4  ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d

5  1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if

6  the evidence is susceptible to more than one rational interpretation, one of which

7  supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d

8  1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole,

9  weighing both the evidence that supports and the evidence that detracts from the

10  Commissioner's conclusion, and may not affirm simply by isolating a specific

11  quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir.

12  2017) (quotation omitted). "If the evidence can support either outcome, the court

13  may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

14      **IV.  Statement of Facts**

15      The facts have been presented in the administrative record, the ALJ's

16  decision, and the briefs to this Court. Only the most relevant facts are summarized

17  herein.

18      At the time of the hearing, Plaintiff was 29 years old. When he was a junior

19  in high school, he sustained a traumatic brain injury while playing football. He was

20  hospitalized for several months. As a result of his injury, he has persistent

21  cognitive, visual perceptual, motor, attention, memory, and speech/language

22  deficits.

23      He was able to graduate from high school, and obtained a business

24  certificate, which took him six years to complete because he limited his classes to

25  one class at a time. He found that if he increased his workload, he experienced a

26  corresponding increase in seizures. He is taking seizure medication, and working

27  no more than four hours a week, which has allowed him to be seizure free.

28      Plaintiff started volunteering at the local YMCA and this has turned into a

**ORDER REVERSING DECISION OF COMMISSIONER ~ 5**

part-time job. He folds towels and performs other maintenance tasks. He testified that after he works the four hours, it feels like he has put in a full day and his brain is tired.

A few years ago, Plaintiff was able to get his license and he can drive his car to and from work. He lives with his parents.

**V. The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 15-27.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 2, 2017, the alleged amended onset date. AR 17.

At step two, the ALJ identified the following severe impairments: seizure disorder and neurocognitive disorder. AR 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 18. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> a full range of work at all exertional levels but with the following nonexertional limitations: The claimant cannot climb ladders, ropes, or scaffolds and must avoid all exposure to hazardous machinery or working at unprotected heights. He can understand, remember and carry out simple instructions and exercise simple workplace judgment. He can perform work that is learned by on-the-job training beyond a short demonstration lasting up to and including one month. He can respond appropriately to supervisors and coworkers and has no difficulty working with the public. The claimant can deal with occasional changes in the work environment.

AR 20.

At step four, the ALJ found that Plaintiff was no past relevant work. AR 25.

The ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform in the national economy, including warehouse checker: garment sorter, and cleaner. Consequently, the ALJ found that Plaintiff was not disabled.

**ORDER REVERSING DECISION OF COMMISSIONER ~ 6**

## VI.  Discussion

Although difficult to place in the Step Five framework, as always, the bottom-line question is whether Plaintiff can engage in full-time work. It is undisputed that he can engage in part-time work. He started volunteering at the YMCA, where he eventually transitioned into working part-time on a consistent basis.

Plaintiff testified that after he works his four-hour shift, his brain became tired, and it felt like he worked a 10 hour or 12-hour day. He believed he could not work more than 4 hours a day. If this is true, Plaintiff would be considered disabled under the SSA framework.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ found that Plaintiff's credibility regarding his ability to work full-time was diminished for the following reasons: (1) while his performance on mental examinations suggest some limitation, it was not to the extent alleged; (2) Plaintiff has spotty and minimal work history; (3) despite Plaintiff's alleged fears

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 7

of seizures, he had been driving for at least 2 years, at least 4 days a week with no motor vehicle collisions; (4) medical and other evidence in the record indicate that Plaintiff can sustained a greater capacity than described at his hearing; (5) Plaintiff reported that he was doing very well, had gotten his driver's license, was dating, applying for jobs and wanted to work at a brewery and (6) lack of mental health treatment.

The ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony that he can not work more than four hours a day. None of the reasons given for rejecting Plaintiff's testimony address his statements that he cannot work more than four hours a day. Moreover, the medical and other evidence in the record support his statements, rather than detract from it.

Ms. Billings noted that Plaintiff had difficulty in the areas of Mental Control (missing one name of the month and misjudging current time) and Incidental Recall (recall of two out of four visually presented objects following a six-minute delay). She noted that Plaintiff appeared to have deficits with both abstract and concrete visual activities involving immediate and delayed recall. He required questions to be repeated to him throughout the assessment and was slow to complete activities.

His father reported that Plaintiff had issues with inattention, distractibility, short attention span, and difficulties following through with expected activities, including something as simple as eating.

Plaintiff's ability to drive and interest in dating do not demonstrate the ability to sustain employment full-time. The record suggests that most of his driving is a set course to and from work. His stated desire to work at a brewery is not evidence that he could actually perform the job. Given that he was only able to obtain voluntary work after he made that statement, this suggests that while he may have been willing to work, he was simply unable to. Notably, Plaintiff later explained to Ms. Hurt, a rehabilitation counselor and vocational evaluator, that

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 8

after having two informational interviews, he realized he would not be able to do the multi-tasking required to work at the brewery, but he was hopeful he could find a job where his only task was to pour beer. Ms. Hurt concluded that it was unlikely such a position was available in the general labor market. Plaintiff's statements regarding his interests and ability to drive are not clear and convincing reasons to reject his testimony.

On the contrary, the YMCA provides a supportive employment environment that has allowed Plaintiff to work part-time. It appears that staff is willing to provide Plaintiff with cues to assist him in performing his tasks. There is simply no evidence in the record that Plaintiff can sustain full-time work. Instead, the record shows that Plaintiff is working to the full extent that his impairments allow, which is not at the level of substantial gainful activity.

The ALJ noted that Plaintiff had minimal mental health treatment, which the ALJ found was inconsistent with his allegations of debilitating mental health symptoms. Plaintiff suffers from cognitive deficits as a result of a severe, irreversible brain injury. In 2012, his neuropsychologist concluded that Plaintiff was not likely to make any more gains in his cognitive abilities. Later statements in the record reiterate this point. It is not clear what mental health treatment options Plaintiff should have pursued. Plaintiff's minimal mental health treatment is not a clear and convincing reason to reject his testimony.

Contrary to the ALJ's conclusions, Plaintiff's medical records corroborate his testimony of disabling symptoms and thus, cannot be a clear and convincing reason for rejecting his testimony. The ALJ relied on the fact that Plaintiff had not experienced seizures for some time, but failed to account for the fact that the reduction in seizures was the result of reducing his demands, including taking only one course at a time, and only working four hours a day. The ALJ failed to account for the real possibility that if Plaintiff increased his work to 8-hours a day there would be a corresponding increase in his seizure activity.

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 9

1    Finally, it goes without saying that Plaintiff's spotty and minimal work
2  history was the result of the traumatic brain injury that he suffered when he was a
3  junior in high school and had not yet entered the competitive workplace. This
4  cannot be a clear and convincing reason for rejecting Plaintiff's testimony.

5    In short, the ALJ's conclusion that Plaintiff's testimony that he cannot
6  sustain full-time employment was not credible is not supported by clear and
7  convincing evidence.

8    **VIII. Conclusion**

9    Here, the record is fully developed, and further proceedings would not serve
10  any useful purpose. *Garriso*n, 759 F.3d at 1020. The ALJ failed to provide legally
11  sufficient reasons to reject Plaintiff's testimony. Instead, the record fully supports
12  Plaintiff's statements that he is unable to sustain full-time employment. As such, it
13  is proper to remand for an award of immediate benefits. *Id.*

14  //
15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 10

1  Accordingly, **IT IS HEREBY ORDERED:**

2      1.      For court management purposes, Plaintiff's Opening Brief, ECF No.

3  8, and Reply Brief, ECF No. 15, are **GRANTED**.

4      2.      For court management purposes, the Commissioner's Brief, ECF No.

5  14, is **DENIED**.

6      3.      The decision of the Commissioner is **reversed** and **remanded** for an

7  immediate award of benefits.

8      4.      Judgment shall be entered in favor of Plaintiff and against Defendant.

9      **IT IS SO ORDERED**. The District Court Executive is hereby directed to

10 file this Order, provide copies to counsel, and **close** the file.

11     **DATED** this 1st day of September 2023.

12

13

14



15

16

17                          Stanley A. Bastian
                      Chief United States District Judge
18

19

20

21

22

23

24

25

26

27

28


**ORDER REVERSING DECISION OF COMMISSIONER** ~ 11